UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUTH BYLSMA,

    Plaintiff,

v.                                                CASE NO: 8:10-cv-1760-T-23TBM

DOLGENCORP, LLC,

    Defendant.
_____/

## **O R D E R**

Asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the defendant removes (Doc. 1) this action from the circuit court for Manatee County, Florida. The complaint (Doc. 2) alleges that the defendant "negligently maintained their premises so as to allow incompetent personnel to be conducting business in the J.C. Penney Hair Salon, and as a result of the same, [the plaintiff's] scalp was burned by the chemicals used by the hairdresser causing her scalp and head to be burned and dried." (Doc. 2, ¶ 6) Though adequately alleging diversity of citizenship, the notice of removal fails to prove the required amount in controversy. The complaint seeks damages in excess of $15,000. (Doc. 2, ¶ 1) The notice of removal states, "Based upon records produced by Plaintiff's counsel during the pre-suit period, the alleged damages related to Plaintiff's alleged injuries exceed this Court's jurisdictional limits. According to Plaintiff her damages exceed $200,00.00." (Doc. 1, ¶ 6)

Pursuant to 28 U.S.C. § 1441, the defendant may remove an action over which a federal district court has original jurisdiction. The removing defendant bears the burden

of establishing facts supporting federal jurisdiction.  See Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x 480, 481 (11th Cir. 2005).   If the complaint seeks an indeterminate amount of damages, "the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy" exceeds $75,000.  Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002).  The defendant must establish that diversity jurisdiction exists on the date of removal.  Leonard, 279 F.3d at 972.  The removal statute is construed narrowly with any doubt resolved against removal.  Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

In this case, the defendant provides no evidence of the amount in controversy, although the plaintiff (at some undisclosed time before suing) apparently demanded $200,00.00 to settle the case.  The defendant provides no demand letter or other document evidencing the amount in controversy.  The unsubstantiated demand fails to establish the amount in controversy by a preponderance of the evidence.  See Fields v. State Farm Mut. Auto. Ins. Co., 2008 WL 2705424, No. 6:08-cv-632-Orl-19KRS (M.D. Fla. July 9, 2008); Elder v. T-Fal, Inc., 2007 WL 4060230, at *3, No. 1:07-cv-1280-JOF (N.D. Ga. Oct. 31, 2007) ("A demand letter, such as the one here, made without full investigation and dated more than two months before a complaint was filed, should be given little weight when it is inconsistent with a complaint, signed by counsel operating under the full weight of his ethical obligations to the court.").  Furthermore, a settlement offer is relevant but not determinative of the amount in controversy.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1995).  A pre-suit settlement demand

provides only marginal evidence of the amount in controversy because the "plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages" sought by the plaintiff. Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256-57 (N.D. Ga. 1996).  Failing to present any evidence of the amount in controversy, the defendant invites the type of jurisdictional speculation prohibited by the Eleventh Circuit.  See Lowery v. Ala. Power Co., 483 F.3d 1184 (11th Cir. 2007) ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.").  The removal statute contemplates a stronger basis for jurisdiction than mere speculation.  See Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. 2007).

Because the defendant fails to establish subject matter jurisdiction, this action is **REMANDED** to the circuit court for Manatee County, Florida.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Manatee County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on August 17, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc:     Courtroom Deputy